IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 17-0099-WS |
| ) | |
| MONTRELL PETTAWAY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter comes before the Court on defendant's Motion to Adjust Sentence to Credit Time Served (doc. 41). The Motion has been briefed and is now ripe for disposition.

The relevant facts are straightforward: In November 2016, defendant, Montrell Pettaway, was serving a three-year term of supervised release ("SRT") as part of his sentence for a controlled-substance conviction in this District Court. (*See* Criminal No. 13-0091, at doc. 29.) On November 28, 2016, Pettaway was arrested by Mobile County Sheriff's Office deputies on controlled-substance and firearms charges. (*See* Criminal No. 13-0091, at doc. 40.)[1] Two pertinent consequences flowed from this arrest. First, revocation proceedings were initiated in Criminal No. 13-0091. Those proceedings culminated in Chief Judge DuBose entering a Judgment (Criminal No. 13-0091, at doc. 49) revoking Pettaway's SRT on February 24, 2017 and sentencing him to a term of imprisonment of eight months. Second, on May 24, 2017, Pettaway was indicted in this District Court in the instant case on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Pettaway pleaded guilty to that offense, and was sentenced by the undersigned on December 28, 2017 to a term of imprisonment of 57 months on the § 922(g)(1) violation. (*See* doc. 39.)

Pettaway's Motion seeks credit towards his 57-month sentence for the period in which he was in federal custody on the revocation matter prior to his Indictment in the § 922(g)(1) matter.

---

[1] At the time of his arrest, Pettaway was in a vehicle that was found to contain a loaded Taurus 9 mm handgun, a small baggie of crack cocaine, and a baby bottle containing suspected codeine syrup. (*Id.*)

In particular, the file reflects that a federal arrest warrant was executed on Pettaway in the revocation matter on February 8, 2017. (*See* Criminal No. 13-0091, at 42.) Pettaway remained in federal custody pursuant to the SRT revocation proceedings in Criminal No. 13-0091 continuously from February 8, 2017 (the date of his federal arrest) until May 24, 2017 (the date of his Indictment on the § 922(g)(1) violation), a period of three months and 16 days. In his current Motion, Pettaway requests that this Court give him credit for that period of pre-indictment incarceration by reducing his 57-month sentence in the § 922(g)(1) matter by three months and 16 days.

From the outset, the Court observes that Pettaway's Motion fails to identify any statutory or procedural mechanism that would authorize judicial modification of his sentence at this time. After all, the law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Neither Rule 35 nor any statute would appear to authorize modification of a sentence under the circumstances described by Pettaway. Simply put, defendant has failed to make any showing that his Motion rests on a cognizable jurisdictional footing.[2]

---

[2] Perhaps defendant intends to travel under Rule 35(a), Fed.R.Crim.P., which provides as follows: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Certainly, Pettaway filed his Motion within that 14-day window, given that he was sentenced on December 28, 2017, and filed his Motion to Adjust Sentence on January 9, 2018. (*See* docs. 39, 41.) However, "the writers of Rule 35(a) limited both its scope and its deadline to promote the finality of sentences …. [T]he rule is not intended to afford the court the opportunity … to change its mind about the appropriateness of the sentence … [or] to reopen issues previously resolved at the sentencing hearing." *United States v. Phillips*, 597 F.3d 1190, 1196 (11th Cir. 2010) (citation and internal quotation marks omitted); *United States v. Lett*, 483 F.3d 782, 787 (11th Cir. 2007) ("The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence ….") (citation omitted). Pettaway's Motion identifies no "arithmetical, technical, or other clear error" in his sentence of the type "which would almost certainly result in a remand of the case to the (Continued)

At any rate, even if Pettaway's Motion were procedurally proper, it would fail on the merits because it runs headlong into the Sentencing Commission's policy recommendation that an undischarged term of imprisonment resulting from SRT violations run consecutively to the revocation sentence. *See, e.g., United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994) (recognizing "the policy favoring imposition of consecutive sentences in cases of violation of release, as expressed in Chapters 5 and 7 of the Sentencing Guidelines," and upholding consecutive sentences for violation of release and offense causing the violation); U.S.S.G. § 5G1.3, comment 4(C) ("[T]he Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."); U.S.S.G. § 7B1.3, comment 4 ("[I]t is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.").

In arguing that the provisions of U.S.S.G. § 5G1.3(b) call for adjustment of his sentence in this case, Pettaway overlooks Eleventh Circuit authority rejecting such contentions in analogous circumstances. *See, e.g., Flowers*, 13 F.3d at 397 (finding that § 5G1.3(b) does not apply where defendant was sentenced to 14 months in SRT revocation proceedings, then later was sentenced to 63 months to be served consecutively for the bank robbery that led to the revocation of SRT); *United States v. Esteen*, 703 Fed.Appx. 825, 828 (11th Cir. Aug. 2, 2017) ("The provision that Mr. Esteen relies upon, § 5G1.3(b) – which calls for concurrent sentences when a term of imprisonment resulted from another offense that is relevant conduct to the instant offense – does not apply to sentences imposed upon revocation of supervised release."). Thus, even if Pettaway's Motion were properly filed at this time, the Court would deny it on the merits because (i) Pettaway is not entitled to a credit in this § 922(g)(1) case for the pre-Indictment period of federal custody in the underlying SRT revocation proceedings, and (ii) the Court is persuaded by, and sees no reason to deviate from, the Sentencing Commission's recommendation that the § 922(g)(1) sentence should run consecutively, not concurrently, to the

---

trial court for further action." *Lett*, 483 F.3d at 787 (citation omitted). Thus, Rule 35(a) does not provide a valid procedural or jurisdictional basis for the relief he requests. Nor does the Judgment in this case involve a clerical error of the sort for which Rule 36 might provide a viable avenue for sentence modification.

revocation sentence.  Simply put, it would be neither required nor appropriate in these circumstances to reduce Pettaway's sentence on the § 922(g)(1) conviction to account for pre-Indictment time that he spent in federal custody on the SRT violation for which he was separately sentenced in Criminal No. 13-0091.

For all of the foregoing reasons, defendant's Motion to Adjust Sentence to Credit Time Served (doc. 41) is **denied**.

DONE and ORDERED this 30th day of January, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE